UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FRANCES CALDWELL                                CIVIL ACTION

VERSUS                                          NO. 06-6714

STATE FARM FIRE & CASUALTY                      SECTION "C" (1)
COMPANY, ET AL

ORDER AND REASONS

This matter comes before the Court on motion to remand filed by the plaintiff, Frances Caldwell a/k/a Frances Cadwell ("Cadwell"). Having considered the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's claims concern an unpaid claim for hurricane damage made under a homeowner's insurance policy issued by defendant State Farm Fire & Casualty Company ("State Farm") to the plaintiff regarding the plaintiff's St. Tammany, Louisiana, property.[1] The plaintiff claims that State Farm agent Linda Collins ("Collins") had been contacted

---

[1] There is no issue that State Farm first issued the policy in April 2002, or that it was renewed on August 25, 2005, more than one year prior to filing suit on August 29, 2006.

within the last year "regarding the limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes," and that Collins has failed to properly advise the plaintiff as to the option of purchasing excess flood insurance or the potential for noncoverage of hurricane damages, and that the agent failed to procure adequate coverage for flood damage, hurricane damages and failed to advise the plaintiff as to the adequacy of the flood coverage.  (Pet. ¶ XVII - XVIII).

This matter was removed on the basis of jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act,  28 U.S.C. § 1369 and § 1441(e)(1) ("MMTJA") and diversity.  This Court has ruled that the MMTJA does not apply in Hurricane Katrina cases such as this one.  Fidelity Homestead Assn. v. Hanover Insurance Co., 458 F.Supp.2d 276 (E.D.La. 2006).   It also agrees with Judge Duval's subsequent analysis that the requisite deaths occur at a discrete location.  Case v. ANPAC Louisiana Insurance Co.,  2006 WL 3615064 (E.D.La.).  Therefore, removal under the MMTJA is improper.

State Farm also argues that Collins, the non-diverse insurance agent defendant, was fraudulently joined in order to defeat removal.   "The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court.  Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994).

This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.." Smallwood v. Illinois Central Railroad Co., 385 F.3d 568, 572 (5th Cir. 2004)(en banc).  See also Melder v. Allstate Corp, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  Smallwood, 385 F.3d at 572.

The Court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder,  minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."   Id.   "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." Id.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if

3


he has failed to obtain the insurance requested. Southern Athletic Club,LLC v. Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. Id. However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)). On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested. Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987).

This Court has ruled on the scope of the fiduciary duty owed by an insurance agent. Fidelity, supra; Three X, L.L.C. v. Lexington Insurance Co., 2006 WL 3142276 (E.D.La.). The Court finds that the plaintiffs have stated a claim against Collins with regard to the advice and the procurement of the subject insurance for purposes of improper joinder.

Under La. Rev. Stat. 9:5606A:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance

> services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered.  However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

This Court has previously recognized that renewals of insurance policies do not automatically restart preemption, but renewals can constitute separate conduct, if they are separate and distinct acts which give rise to immediately apparent damages. <u>Giardina v. Allstate Insurance Co.</u>, 2006 WL 3406743 (E.D.La.).  The relevant inquiry is whether the action of the agent at renewal can be construed as an act separate from the initial policy procurement.  <u>Id.</u>

State Farm argues that any claim against Collins has prescribed or is preempted.  It provides an affidavit from Collins which states that Collins had advised plaintiff that her homeowner's policy did not cover flood damage, and contacted the plaintiff concerning flood insurance in 2002.  The affidavit does not provide facts as to contact with regard to homeowner's coverage, which is relevant here.[2]   The claims presented in the petition are sufficient to overcome State Farm's argument as to improper joinder.

---

[2] The Court does not address whether the jurisdictional minimum existed at the time of removal, or whether there was fraud with regard to the naming of AAA Contractors as a defendant.

The Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that the motion to remand filed by the plaintiff, Frances Caldwell a/k/a Frances Cadwell, is GRANTED.  (Rec. Doc. 8).  This matter be and hereby is REMANDED to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 17th day of January, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE